99 F.3d 1146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sony NOV, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70361.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1996.*
Decided Oct. 16, 1996.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, No. Azd-oit-dsx.
 B.I.A.
 REVIEW DENIED.
 Before: WALLACE, SNEED, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sony Nov, a native and citizen of Cambodia, petitions for review of the decision of the Board of Immigration Appeals dismissing his appeal from the Immigration Judge's order of deportation and denying his motion to remand to enable him to apply for asylum, withholding of deportation, and adjustment of status. We deny the petition for review.
 
 
 3
 * On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214. Included in the AEDPA is a provision removing judicial review of deportation orders for aliens convicted of a firearms offense. See AEDPA § 440(a). Because Nov was convicted of a firearms offense, the AEDPA would appear to deprive this court of jurisdiction. However, the AEDPA poses difficult questions regarding retroactivity while Nov's petition raises an issue which is easily resolved and whose resolution leads to the same result as would a conclusion that we lack jurisdiction.
 
 II
 
 4
 Nov contends that the BIA erred in dismissing his appeal from the decision of the IJ because the IJ was required to advise him that he could apply for asylum and withholding of deportation and to provide him with the appropriate application forms under 8 C.F.R. § 242.17(c). We disagree.
 
 
 5
 Section 242.17(c) requires the IJ to advise an alien that he can apply for asylum and withholding "[i]f the alien expresses fear of persecution or harm upon return to any of the countries to which the alien might be deported...." 8 C.F.R. § 242.17(c)(2) (emphasis added). Nowhere in the record does Nov express a fear of persecution should he be returned to Cambodia. He expresses concern about violence in Cambodia, but concedes that this is a generalized condition affecting the entire nation. See Kotasz v. INS, 31 F.3d 847, 852 (9th Cir.1994) (noting that petitioner "must show that he is at particular risk--that his 'predicament is appreciably different from the dangers faced by his fellow citizens' ") (quoting Vides-Vides v. INS, 783 F.2d 1463, 1469 (9th Cir.1986)). Nov also states that he may have trouble finding work in Cambodia, but ascribes this to the fact that he has "no experience whatsoever back in Cambodia," rather than to any kind of persecution. Since Nov expressed no fear of persecution, the BIA properly dismissed his appeal.
 
 III
 
 6
 Nor did the BIA abuse its discretion in denying Nov's motion to remand. A motion to remand is governed by the same standards as a motion to reopen, Rodriguez v. INS, 841 F.2d 865, 867 (9th Cir.1987), and Nov's failure to submit any "affidavits or other evidentiary material" as required by 8 C.F.R. § 3.8(a) was a proper basis upon which to deny his motion, see INS v. Abudu, 485 U.S. 94, 104 (1988) (holding that BIA may deny motion to reopen where movant has failed to introduce any previously unavailable, material evidence).
 
 
 7
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3